J-S39005-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES THEISEN, | |
| Appellant | No. 703 WDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0012533-2014
CP-02-CR-0013588-2014
CP-02-CR-0014997-2014

BEFORE:     BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: FILED August 4, 2017

I join the Majority Memorandum.  As to Appellant's final issue, the Majority correctly holds that 42 Pa.C.S. § 9738 is utterly irrelevant to the question of whether Detective Mercurio's testimony at sentencing was permissible, and that Appellant cites to no other authority that would prohibit the testimony.  Majority Memorandum at 16.

I write separately to note that Appellant has ignored authority that is contrary to his position.

> [P]rior to imposing sentence [a] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.

*Retired Senior Judge assigned to the Superior Court.

> Nevertheless, the discretion of a sentencing judge is not unfettered; a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is inimicable [*sic*] to the concept of due process. Obviously, the probability of receiving accurate pre-sentence information is considerably enhanced when the defendant has an opportunity to review and dispute the facts and allegations available to the sentencing judge.

***Commonwealth v. Rhodes***, 990 A.2d 732, 746 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Here, Appellant was present when the detective spoke of his lack of remorse, and thus had the opportunity to hear and dispute the allegations. Given that lack of remorse is an appropriate sentencing consideration, ***see***, ***e.g.***, ***Commonwealth v. Begley***, 780 A.2d 605, 644 (Pa. 2001) (noting lack of remorse, as a sign of the defendant's character, is an appropriate consideration for sentencing outside of the guidelines), his argument that Detective Mercurio's testimony was improper is devoid of merit. ***Accord Commonwealth v. duPont***, 730 A.2d 970, 986 (Pa. Super. 1999) (holding trial court appropriately considered hearsay statements in letter from police chief of the neighborhood in which the crimes occurred, as impact on the community is an appropriate sentencing consideration).

Judge Bowes joins this concurring memorandum.